Good morning. May it please the Court, I'm Robert Jobe, and I'm appearing today on behalf of the petitioner Gabriel Oseguera-Chavez. The sole question presented in this case is whether Mr. Oseguera's 1986 conviction for burglary under California Penal Code Section 459 constitutes a crime involving moral turpitude. In a decision that was summarily affirmed by the Board, the IJA found that the California Penal Code's moral turpitude depends on whether the individual is convicted under that part of the statute involving an intent to commit grand or petite larceny or that part of the statute involving an intent to commit any other felony. As a result, the immigration judge resorted to the modified categorical approach, and in the end, she based her decision on a complaint that's set forth on page 146, or excuse me, 136 of the record. The complaint indicates that Mr. Oseguera was charged with entering a locked motor vehicle with the intent to commit theft. And based on the complaint, the immigration judge concluded that he had, therefore, been convicted of a crime involving moral turpitude. The problem with that is that there's nothing in the record, no judicially cognizable document, to tie Mr. Oseguera's plea to the allegations set forth in the complaint. There's nothing indicating that he pled guilty as charged in the complaint, and there's nothing in the record suggesting that he assented to the factual allegations set forth in the complaint. I hear what you're saying, that he didn't include the magic language as charged in the complaint. Right. But if he didn't plead to this complaint, what complaint did he plead to? Well, I think he – it's impossible to say. He may well have pledged to this complaint, but not these factual allegations, Your Honor. He may – Okay. So you're not disputing that the plea was entered in conformance with this charge. The question is how much of the charge did he – Right. Exactly. And the problem is that the judge relied on the following document that begins on page 138 to show that he was convicted of this charge, that he pled to this charge, and that that document – it's not a document that's even judicially cognizable under Shepard. It's a docket sheet. It's not part of the record of conviction that this Court's even allowed to look at in determining – Is it in the record of the court? The immigration court can look at it in determining whether he stands convicted. That's a separate question from the modified categorical approach. It's in the docket sheet. That's where the minute orders are entered and so on. Right. And are you arguing to us now that that's not a court record? It's not. Yeah. Under Shepard, it's plainly not, because it's not even signed by a clerk, let alone the judge. It's just – it's a docket sheet. It's not even a minute order. Well, we've got that, as you know, under submission in an en banc case. It's not a murder. Yes, I understand that. Well, let's assume for purposes of argument today that it is a cognizable document for purposes of modified categorical, even though we have to understand that that's up in the air given the en banc decision. So for purposes of argument here, let's assume it's – yeah, you can consider it. I really like the use of the agency complaint. The judge used the complaint in combination with this docket sheet. Obviously, the complaint standing alone is not sufficient, because we don't know whether the complaint was amended. We don't know whether he ever assented to the factual allegations set forth in the complaint. And to make that extra step, the judge relied on this document, and she relied on page 140 of the record. And there you have, you know, a clerk presumably checked a box that says that he just – he pled no low contend rate to a violation of Section 459 of the California Appeal Code. But it doesn't say he's charged in the complaint. What do I do with the next page? There's a restitution order for $391. Do we have any notion as to whether that means that he actually stole property? Could that be damage to the automobile in breaking in? It could be, exactly. I mean, the problem is that, you know, in order for this Court to conclude that he was convicted of a crime involving moral turpitude, the record of conviction has to unambiguously show such. And it doesn't. All the record of conviction shows here is that he pled to a generic 459 of the California Appeal Code. There's no connection. There's no evidence tying the plea to the factual allegations set forth in the complaint. Let me ask you a slightly different question. Isn't the easiest way to analyze the case to simply focus on the plea of no low contend rate, which as I understand the plea admits to nothing other than consents to the entry of punishment? Yes. That's my next point. If that's the case, why do we need to get hung up on looking at all of these different documents? I actually don't think you do. And I don't disagree with that. I concur in that. Do you want to save the rest of your time? Yes. Thank you. Sorry. Ms. Kruger, could you address that point first, please? Sure. Could you restate the question, Your Honor? Could you speak up? Could you restate the question, Your Honor? What would you like me to address? What's the government's response to – actually, if you want to make your appearance, go ahead. But I'll give you the question. Yeah. The question is if the alien has pled under what in the federal service we call an Alfred plea in California, I believe it's People v. West, the effect of which is a plea of nolo contendere. As I understand the effect of that plea, the defendant doesn't admit to anything. All he's doing is consenting to the entry of punishment against him. And if that's the case, then he's made no admissions without regard to what the court documents say. Okay. Well, I'll make my appearance.  Okay. Julie Pfluger representing the Department of Justice this morning. May it please the Court, Your Honors. So the question is whether the conviction under California Penal Code Section 459 is – You're going to have to speak more loudly and more slowly, please. Okay. Sorry, Your Honor. That's all right. The question is whether conviction under California Penal Code Section 459 is a crime involving moral turpitude. And to determine, you look at the modified categorical approach. And under the modified categorical approach, you look to the record of conviction, which the immigration judge did. The immigration judge – Mrs. Pfluger, did you understand my question? It doesn't have anything to do with the modified categorical approach. It's simply what is the effect of a plea of nolo contendere in a subsequent civil proceeding, which is an immigration proceeding to deport him, in which he has made no admissions at all? Well, Your Honors, this morning I received opposing counsel's 28J, which cited those cases, and I haven't had a chance to respond. But if you would like me to file a supplementary response once I get back to the office, I would be happy to do so. Well, let me give you one other question to think about as you're formulating the response. A good example of a plea of nolo contendere is in antitrust litigation. And a corporation will sometimes, with the permission of the court of justice, enter into a plea of nolo contendere to a criminal antitrust charge. And the reason a corporation does that is to avoid the collateral consequences in all of the civil antitrust cases that have simultaneously been filed against it so that it can defend those cases on the merits. It consents to the entry of criminal punishment against it without admitting that it violated the antitrust law. And then it goes on to defend itself in the antitrust cases civilly. Why shouldn't that same rule apply in immigration litigation? So that if we have a defendant in a criminal case who's entered a plea of nolo contendere, the only thing that he's admitted to in the law is that he's consented to the entry of punishment against him. Beyond that, he's free to litigate in any other forum, civilly or administratively, the details or the facts that he was accused of criminal. Well, what the immigration judge looked at in finding that he did admit what was in the charging document, the immigration looked at that stated that the complaint was not numbered, stated that there was no allegation, nor is there any – the immigration judge says there's no allegation, nor is there any evidence in the record that the complaint was amended or that Petitioner had pled to anything less than what was charged in the complaint. It is the Petitioner's burden to show that they are eligible for this relief. While it's the government's burden to show that Petitioner is removable, the government has sustained that burden. It is Petitioner's burden to show that they are eligible for this sort of relief. And if this – in fact, if Petitioner had pled to something less or pled to a different charge, they were free to submit this evidence to the Board of Immigration Appeal before getting to this Court. The immigration judge clearly found there's no evidence in the record indicating that he pled to anything besides what was in the complaint. Well, I'm not sure that that's right. Evidence in the record that he pled to something other is a NOLO plea. I mean, it's been – I mean, we have a complaint, and then we have a NOLO plea with not NOLO as to the complaint, but NOLO as to the – then it's a citation to the section of the criminal code. And if that – if that is what this Court decides, then the case would need to be remanded for the administrative agencies to determine specifically with more evidence submitted what Petitioner had pled guilty to. The trouble is, realistically, you're never going to get anything other than what you got. I mean, I guess you could go back and ask the Superior Court to redo the entire business, but that's not going to happen. I mean, the record you got is the record you got. You're not going to get anything more on remand. Well, if Petition – if this Court found that it wasn't clear that Petitioner pled guilty to a crime involving moral turpitude, then the petition would need to be remanded for the adjudication of the actual cancellation. Oh, yes, of course. Mr. Fletcher, maybe – I don't know quite how to phrase the question, but I don't think you understand what a plea of NOLO is, and that's what you need to look at when you go back and submit whatever it is you're going to submit to us. As Judge Fletcher just explained to you, there's nothing that the government or the defendant can do short of reopening the underlying state criminal proceeding, and I don't know of any way to do that or why a defendant would ever consent to it. So we withdraw the plea of NOLO and enter a plea of guilty as charged in the information. That's what you need, and you're not going to get that because what you have is a plea of NOLO. I understand that, Your Honor, and what I was suggesting is perhaps there's other documents, maybe a plea colloquy or some other documents that show exactly what went on between the judge and Petitioner, but if the Court finds that it has not clearly demonstrated that Petitioner was guilty of a crime involving moral turpitude, then the case should be remanded back to the agency in order to determine to withdraw the finding that he was ineligible to apply and let him go ahead with the application. For cancellation or removal. That's correct, Your Honor. This may be an unfair question given how this argument is so far going, but California has something called, as Judge Coleman just mentioned, something called People v. West. Right. People v. West, when that's on the docket sheet or in the minute order, that very clearly signals, it's an explicit statement in shorthand under California law, that this is a plea to something other than the facts charged. What do we do if we don't have People v. West noted, but we just have no law? That may be beyond what you've prepared. Well, in looking at the cases that Petitioner submitted this morning in a 28-J, I will concede that if that is the case, after looking at the cases he submitted, then it would need to be remanded for determination on cancellation of removal. Okay. Any further questions? Further questions? Okay. Thank you. Thank you. First, Your Honor, with regard to this issue about no law, I think what would be appropriate with the Court's permission would be to allow both sides to submit letter briefs, perhaps within seven days of argument today on that issue. On the issue of burden of proof that the government was raising here, that issue is controlled by Sandoval Lua, where this Court ruled that an inconclusive record of conviction is enough to affirmatively prove under the modified categorical approach that an alien was not necessarily convicted of, in that case, an aggravated felony, or here, a crime involving moral turpitude. And to reply to this question, how can you break into somebody else's car and it's not a car? Well, under California, any entry into a locked vehicle, Your Honor, constitutes that it's sufficient for the entry part of it. That doesn't necessarily mean that you're --. It's your car and you lock your keys in it. How can you break into somebody else's car without a crime of moral turpitude? The analysis set forth by the immigration judge here that the government joins in is that California's burglary statute, it's a divisible statute, and whether the offense, a particular offense, is a crime involving moral turpitude depends on the intent. That's the analysis that both parties have agreed upon. That's the analysis that the Board adopted in this case. And so what is determinative in a burglary case like this is, were you convicted under that portion of the statute dealing with an intent to commit larceny or not? What felony could you break into a car and commit with the intent to commit that doesn't involve moral turpitude? Many. I mean, you could break into a --. You could enter a locked vehicle, perhaps even with consent, a locked vehicle, in order to --. It's a violation of the statute because it says it has to be locked. It has to be locked. No, it doesn't have to be an unprivileged entry in California. The car doors have to be locked. But you can enter or you can put your hand in the window. But my point is that you can enter a locked vehicle and plan to commit any crime. You can enter a locked vehicle and conspire to commit any crime that is not turpitudinous, and that's a burglar under California law. Yeah, there's a peculiarity to California law. We call it burglary, even though at the time of entry, the entry might even have been with consent. If you intend after entry to commit a felony, whether a theft felony or not, that's burglary under California law. I mean, the classic example is you enter somebody's home, and at a dinner party, you conspire to commit a crime. That's a burglary under California law. That was a naive question. With an odd definition of California law. Let me confer on the record with my colleagues here. It seems to me before you all do any supplemental briefing, the three of us ought to talk at the conference. That's fine. If we think we need supplemental briefing, we can issue an order. That sounds great. Rather than having you do the work. We'll send out an order by the end of the day if we need supplemental briefing. We're happy to do the work, Your Honor. Thank you. Thank you. Okay, thank you both for your arguments. The case of Asaguera and Chavez is now submitted for decision. The next case on the argument calendar is Flores-Cruz v. McKay's.
judges: W. Fletcher, Tallman, Bertelsman